County Court, Monroe County, March, 1899. Unreported.

## PEOPLE v. FRANK L. PALMER.

CARNAHAN, SP. CO. J.: The indictment in this case is for a violation of the Liquor Tax Law, and charges that the defendant wilfully and unlawfully, " did, during the hours when the sale of liquors is prohibited, to wit: before five o'clock on Monday morning, have certain blinds and curtains covering the windows and doors, thereby obstructing and preventing a person from having a full view from the sidewalk and street of the bar and room in such buildings, where liquors were then and there kept for sale."

The offense thus charged is a violation of subdivision " h " of section 31 of the Liquor Tax Law, by which persons are forbidden " to have " during the hours when the sale of liquors is forbidden " any screen or blinds, or any curtain or article or thing covering any part of any window, or to have in any window or door, any opaque or colored glass that obstructs or in any way prevents a person passing from having a full view from the sidewalk, alley or road in front of, or from the side or end of the building, of the bar and room, or any part of such bar and room, in such building where liquors are sold or kept for sale."

The question raised by the demurrer is whether the grand jury had authority to inquire into the violation of the provision just quoted. No objection is made that this question cannot be taken by demurrer.

To determine this question it is necessary that reference should be made to a number of sections of the Liquor Tax Law.

Section 34 in five subdivisions, prescribes the penalties imposed for violations of the law.

Subdivision one of that section provides that a person " trafficking in liquors " who is prohibited from so doing, or who has not duly obtained a certificate, or one who traffics in liquors, contrary to the local option provisions of the act, or who neglects or refuses to make application for a certificate or give a bond, or pay the tax, as required shall be guilty of a misdemeanor.

Subdivision 2 of the same section provides that a person who shall make a false statement to obtain a certificate, or who shall be found " trafficking in liquors " contrary to various provisions of the act, shall be guilty of a misdemeanor.

Subdivision 3 relates to forfeiture of liquor tax certificates under certain conditions.

Subdivision 4 forbids the issuing of a certificate to any person convicted of a violation of the Liquor Tax Law within five years from the date of the conviction.

Subdivision 5 denounces as a misdemeanor "any wilful violation by any person of any provision of this act, for which no punishment or penalty is otherwise provided."

Section 35 in two subdivisions, defines the jurisdiction of courts.

Subdivision 1, of that section, confers authority upon the grand jury to inquire by indictment into any violation of the act, penalties for which are prescribed in subdivisions 1, 2, 3, or 4 of section 34, above mentioned, and provides that the trial of such indictment be had in a Court of Record.

Subdivision 2 provides that Courts of Special Sessions shall have exclusive jurisdiction to try complaints for violations of subdivision 5 of section 34 as a misdemeanor.

It, therefore, follows that unless some penalty or punishment for unlawfully maintaining blinds and curtains in violation of subdivision "h" of section 31 is provided in one of the first four subdivisions of section 34, the charge falls within the language of subdivision 5 of that section and can only be prosecuted in a Court of Special Sessions. To find that a penalty for this offense is prescribed in the first four subdivisions of section 34, it is necessary to hold that the unlawful maintaining of blinds and curtains is a "trafficking in liquors" because subdivisions 1 and 2 provide penalties only for "trafficking in liquors" and subdivisions 3 and 4 relate to other subjects not material here.

But it is expressly provided in section 2 of the Liquor Tax Law that whenever the phrase "trafficking in liquor" occurs in the act it means "sale" of liquor in various quantities, or the "distribution" of liquor among members of an association. There are no rules of statutory construction which enable a court to say that within the terms of the definition the maintaining of screens and curtains is a "trafficking in liquors" and, therefore, the offense charged in this indictment is one for which, in the language of subdivision 5, section 34, "No punishment or penalty is otherwise provided" and it is within the exclusive jurisdiction of the Court of Special Sessions to try.

There is little doubt but that the Legislature, in enacting this

law, regarded the forbidden trafficking in liquors as a much graver offense than that of unlawfully maintaining blinds and curtains. So, according to the customary administrations of the criminal law, Courts of Record were given jurisdiction to prose- cute the more serious crime by indictment, and the lesser offense was left to the exclusive jurisdiction of Courts of Special Sessions.

If it were to be held that the grand jury had authority to inquire into the crimes of unlawfully maintaining blinds and curtains it would be necessary to make a similar ruling in regard to certain other offenses under the Liquor Tax Law not within the terms " trafficking in liquors " and the result would be that none of the offenses defined by that law would be left within the jurisdiction of Courts of Special Sessions thus defeating the plain intent of the Legislature.

The demurrer should be allowed.